HUGH HAMIL *vs.* NEW YORK AND BOSTON DESPATCH EXPRESS COMPANY.

Suffolk. November 20, 21, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

An express company agreeing to transport a trunk over the line of another company is liable in contract for its loss.

TORT, with a count in contract, to recover the value of a trunk and its contents alleged to have been received by the defendant for transportation from Cambridge to Lowell, Massachusetts, and not delivered. Writ dated November 11, 1899.

At the trial in the Superior Court, before *Braley*, J., without a jury, there was evidence, that the plaintiff went to the office of the defendant in Lowell, which was also the office of the

Adams Express Company; that he there asked an agent of the defendant, who was also an agent of the Adams Express Company, whether he was the agent of the defendant and could take a trunk for the plaintiff from his home in Cambridge to Lowell and deliver it on a certain day, and that the agent answered both questions in the affirmative; whereupon the plaintiff gave him a verbal order, and was asked by the agent to put it in writing; that he asked the agent for one of his order blanks, and the agent gave him one addressed to the defendant, and the plaintiff filled it out and gave it to the agent.

It appeared that this order was presented at the plaintiff's address in Cambridge by a young man who said that he represented the defendant and would send his expressman for the trunk; that the trunk was called for by and delivered to a driver for Carrier's express, a local express in Cambridge, who gave up the order, signing it to show that he had received the trunk. The trunk was not delivered in Lowell.

The agent at Lowell, to whom the plaintiff gave the order, testified, that he told the plaintiff that the Adams Express Company had an office in Cambridge, but the defendant had not; that when he told the plaintiff to write out an order for the trunk he gave him a block of paper with the words " New York & Boston Despatch Express Co." written across the top, as he was out of the Adams Express Company stationery; that the plaintiff wrote the order in evidence, and that the witness then placed it in an envelope with the words " Adams Express Company " printed across the face, and addressed it, and sent it in the usual manner to the Adams Express Company's agent at Cambridge, Massachusetts; that the route of the defendant covered the Old Colony system of the New York, New Haven, and Hartford Railroad Company; that there was no line of the defendant company from Lowell to Boston or from Lowell to Cambridge or from Boston to Cambridge; that there was a line of the company from Lowell to New York, and that the route taken by the order given by the plaintiff must have been over this line to South Framingham, from South Framingham to Boston, over the Boston and Albany Railroad, and from Boston to Cambridge by some local express. On cross-examination the witness said: that he presumed he read the words " Please give

the New York & Boston Despatch Express Company my trunk," and that he accepted the order in that condition.

The defendant, among other requests, asked the judge to rule that on the evidence the plaintiff was not entitled to recover. The judge refused to make this ruling, and found for the plaintiff on the count in contract. The defendant alleged exceptions.

*R. F. Herrick & A. M. Lyon*, for the defendant.

*W. W. Clarke*, for the plaintiff.

KNOWLTON, J. The presiding judge made all the rulings requested by the defendant, except the ruling that on the evidence the plaintiff was not entitled to recover, and found for the plaintiff on the count in contract.

The evidence well warranted a finding that the defendant, through its agent, made an express contract with the plaintiff to get his trunk in Cambridge and deliver it to him in Lowell, and that the trunk was afterwards delivered on behalf of the plaintiff to a party who was acting as an agent employed by the defendant to get the trunk. The defendant was, therefore, responsible for the loss of it. *Najac* v. *Boston & Lowell Railroad*, 7 Allen, 329.

*Exceptions overruled.*